IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED:_____ |
| HASHIM SHARIF,<br>a/k/a "Adam Ford" | :<br>: | VIOLATION:<br>18 U.S.C. §§ 1343, 1349 (wire fraud - 1 count)<br>Notice of forfeiture |

## INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. Defendant HASHIM SHARIF started, owned, and operated Phoenix Gold, LLC ("Phoenix Gold"), a company incorporated in Nevada and located in Philadelphia that defendant SHARIF said was in the business of selling large amounts of gold, silver, and other precious metals (hereinafter "precious metal products"), through its website phoniexgoldllc.com.

2. Defendant HASHIM SHARIF marketed Phoenix Gold using the website www.phoniexgoldllc.com. Using this website, defendant SHARIF advertised to customers Phoenix Gold's sale of numerous types of precious metals and coins, including some items that cost hundreds of thousands of dollars.

## THE SCHEME

3. From in or about December 2012 to in or about April 2013, defendant

**HASHIM SHARIF**

devised and intended to devise a scheme to defraud, and to obtain money and property by means

of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

4. Defendant HASHIM SHARIF used the Phoenix Gold website to induce customers throughout the United States to wire money to Phoenix Gold to purchase various precious metal products that defendant SHARIF falsely represented were held by Phoenix Gold and available for purchase. For example, the Phoenix Gold website falsely advertised that Phoenix Gold possessed quantities of products such as a "1 Kilo Credit Suisse Gold Bar" for sale for $55,703.09, that were ready for immediate delivery.

5. Using this scheme defendant HASHIM SHARIF induced customers throughout the United States to wire Phoenix Gold more than $1,000,000 to purchase precious metal products.

6. After receiving these funds defendant HASHIM SHARIF would lie to customers stating that Phoenix Gold had shipped their orders or that there was some problem with the products they ordered. In reality, defendant SHARIF used much of this money to buy luxury vehicles, real estate, and other goods.

7. To perpetuate the scheme defendant HASHIM SHARIF falsely told customers that Phoenix Gold had a warehouse in Virginia.

8. To perpetuate the scheme and conceal his identity, defendant HASHIM SHARIF told customers that his name was Adam Ford.

9. On or about February 8, 2013, in Philadelphia, Pennsylvania, in the Eastern District of Pennsylvania, and elsewhere, defendant

2

**HASHIM SHARIF,**
**a/k/a "Adam Ford,"**

for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce, an email, from one of his Phoenix Gold email accounts (info@phoniexgoldllc.com), in Philadelphia, to an attorney in Illinois representing Phoenix Gold victim J.P., providing the UPS tracking number and shipping instructions for a delivery of precious metal defendant HASHIM SHARIF falsely represented he had shipped to J.P.

      All in violation of Title 18, United States Code, Sections 1343 and 1349.

## **NOTICE OF FORFEITURE**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1343 set forth in this information, defendant

**HASHIM SHARIF,**
a/k/a "Adam Ford,"

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, including:

(a) Money contained in TD Bank account ending in 7272 seized by the FBI;

(b) Money contained in TD Bank account ending in 3107 seized by the FBI;

(c) Money contained in TD Bank account ending in 3206 seized by the FBI;

(d) Money contained in TD Bank account ending in 4111 seized by the FBI;

(e) A 2010 blue Land Rover, VIN SALSH2E46AA221129, seized by the FBI;

(f) A 2006 silver Land Rover, VIN SALSF25466A963284, seized by the FBI;

(g) $122,500 paid to Chadds Ford Abstract as a down payment for 521 Spring Avenue, Elkins Park, Pennsylvania, seized by the FBI;

(h) 2437 Clifford St, Philadelphia, Pennsylvania; and

(i) 2007 W. Mayfield St, Philadelphia, Pennsylvania.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461, and Title 18, United States Code, Section 981(a)(1)(C).

_____
ZANE DAVID MEMEGER
United States Attorney